**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **JORDAN ALESE GUILLORY** | **CASE NO. 2:26-CV-02895** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LA DEPT OF CORRECTIONS PROBATION & PAROLE ET AL** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 9] filed under Federal Rule of Civil Procedure 12(b)(6) by defendants Rapides Parish Sheriff's Office and Rapides Parish Detention Center III. The motion is regarded as unopposed.

## I.
## BACKGROUND

This suit arises from the arrest of Jacob Davis in Vernon Parish, Louisiana. Doc. 1. Plaintiffs allege as follows, in relevant part: On August 29, 2025, Mr. Davis was released early from a two-year sentence at the Rapides Parish Detention Center III due to an error by the state Department Public of Safety and Corrections. *Id.* at ¶¶ 28–30. On September 12, 2025, law enforcement entered plaintiff Jordan Guillory's residence pursuant to a warrant for Davis's arrest at approximately 6:41 a.m., held Ms. Guillory at gunpoint, and woke her sleeping children by deploying flash-bang grenades inside the house and ordering them out at gunpoint. *Id.* at ¶¶ 29–40. Plaintiffs further allege that law enforcement officers on the scene coerced Ms. Guillory's consent to a search of the house and began the search

before obtaining her consent, leading to the discovery of a rifle (which Ms. Guillory claims was loaned to her by her landlord) and suspected methamphetamine. *Id.* at ¶¶ 41–47.

Ms. Guillory filed suit in this court on behalf of herself and her two minor children, raising claims under 42 U.S.C. § 1983. As defendants she named the Louisiana Department of Public Safety and Corrections, Division of Probation and Parole; the Rapides Parish Sheriff's Office; the Rapides Parish Detention Center III; and several individual law enforcement officers. The Rapides Parish Sheriff's Office and Rapides Parish Detention Center III now move for dismissal of the claims against them under Federal Rule of Civil Procedure 12(b)(6) on the grounds that they are not proper parties under Louisiana law. Doc. 9. Plaintiffs have filed no opposition to the motion with the response time set by the court. *See* doc. 14. The motion is therefore regarded as unopposed.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true

and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

**B. Application**

An entity's capacity to sue or be sued is determined by the law of the forum state. Fed. R. Civ. P. 17(b). In Louisiana, an entity "must qualify as a juridical person" to be sued. *Harris v. La. Office of Juvenile Justice*, 2019 WL 2617175, at *2 (E.D. La. Jun. 26, 2019). The Louisiana Civil Code defines the term as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. Louisiana grants no such legal status to any parish sheriff's office, and federal courts applying Louisiana law have likewise found that parish jails do not qualify as juridical persons. *Wetzel v. St. Tammany Par. Jail*, 610 F.Supp.2d 545, 548–49 (E.D. La. 2009); *Daliet v. St. Bernard Par. Prison*, 2013 WL 5533142, at *2 (E.D. La. Oct. 4, 2013). Accordingly, claims against these entities must be dismissed for failure to state a claim for which relief can be granted.

## III.
## CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 9] will be **GRANTED** and all claims against the Rapides Parish Sheriff's Office and Rapides Parish Detention Center III will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 17th day of November, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**